UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WELLS FARGO INSURANCE SERVICES USA,
INC. and USI INSURANCE SERVICES LLC

                             *Plaintiffs*,

               v.

DEVIN BLAZIER,

                             *Defendant*.
------------------------------------------------------------------x

Case No. 17-CV-9520 (KMK)

**ORDER GRANTING A**
**PERMANENT INJUNCTION**

**IT IS ORDERED** that, sufficient reason having been shown, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Devin Blazier ("Blazier") and all those acting in concert with him, including Alliant Insurance Services, Inc. ("Alliant") are permanently restrained and enjoined, until December 1, 2019, from, whether directly or indirectly:

    1. Soliciting, participating in or promoting the solicitation of any clients and customers (including their associated business entities) with whom Blazier had Material Contact (as defined in the October 18, 2011 agreement between Wells Fargo Insurance Services USA Inc. ("WFIS") and Blazier (the "Agreement")) and/or regarding whom he received Confidential Information (as defined in the Agreement and under the common law of the State of New Jersey), for the purpose of providing products or services that are in competition with the Plaintiffs' products or services and all of which WFIS provided services to as of November 30, 2017, which are: A Very Special Place, Inc.; American BD Company/Opici; Borne Holding Co. Inc.; Creston Electronics, Inc.; Davco Trucking Corp.; DeCamp Bus Lines; Diamond Chemical Company, Inc.; Dimensional Merchandising, Inc.; Dynamic Metals Inc.; Flash Global Logistics, Inc.; Langer Industries Inc.; Mid-State Lumber Corp.; Montclair Radiological Associates, P.A.; Pioneer Freight Systems, Inc.; Revent Incorporated; Rider University; SS White Technologies

Inc.; SB Technology NY Corp.; The Wood Hub LLC and each of their parent companies, subsidiaries, affiliates, successors and/or other related companies ( each a "Client" and collectively the "Clients"); and

2. Accepting a broker of record letter from or agreeing to provide other insurance services to, or providing Competitive Products / Services (as defined in the Agreement) to the Clients; and

3. Soliciting, recruiting or promoting the solicitation or recruitment of any employee or consultant of the Plaintiffs who worked on any of the Clients for the purpose of encouraging that employee or consultant to leave the Plaintiffs' employ, sever an agreement for services or to work with or for Blazier or Alliant; and

4. Using or disclosing Plaintiffs' Trade Secrets, Confidential Information or Records each as defined in the Agreement and by the New Jersey Trade Secrets Act and the Defend Trade Secrets Act; and

5. Interfering with Plaintiffs' relationships with Clients including, without limitation, by consulting for a Client, advising a Client to use another service provider other than Plaintiffs, introducing Clients to insurance brokerages other than Plaintiffs, assisting a non-party insurance brokerage to solicit, accept and/or service business from or with a Client; and

**IT IS FURTHER ORDERED THAT**

6. Blazier shall be required to disassociate himself (and Alliant shall be required to disassociate itself) from the Clients by taking all actions to accomplish same, including, without limitation, by informing any insurance carrier that recognizes Alliant as the broker of record for any policy of insurance relating to any Client, that Alliant no longer has any association with any such Client; and

7. Blazier shall immediately return to Plaintiffs, and at no time shall possess any and all documents containing, Trade Secrets, Confidential Information or Records each as defined in the Agreement.

8. That the Honorable Kenneth M. Karas shall retain jurisdiction over the parties, and all persons subject to this Order and to the Confidential Settlement Agreement between the Parties, to the extent necessary to enforce any obligations arising in law or equity and/or to impose sanctions for any contempt of this Order.

Dated: White Plains, New York
February 13, 2018

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

{Client/002130/4/01470930.DOCX;1 }